R. E. JACQUES v. WELLINGTON CORPORATION, and LEE K. WILSON.

178 So. 110.
Opinion Filed January 5, 1938.

*A. Patrick Cannon* and *Mercer & Simms,* for Appellant; *Wilson Trammell* and *Whitfield & Whitfield* (of Tallahassee) for Appellees.

CHAPMAN, J.—The parties in this opinion will be referred to as plaintiff and defendants as they appeared in the lower court. On October 30, 1937, the plaintiff filed in the Circuit Court of Dade County, Florida, his bill of complaint against the defendant corporation, alleging, among other things, an agreement in writing dated February 18, 1937, for the leasing of certain real estate therein described for a period of three years beginning November 1, 1937, and ending October 31, 1940, for the total sum of $10,800.00 payable $3,600.00 per annum, and $1,000.00 of the first year's rent became due and payable November 1, 1937, and the sum of $500.00, one-half of said sum maturing, *supra,* was paid February 18, 1937, to one Lee K. Wilson, agent of Wellington Corporation. The property here is a vacant lot located in the business section of the City of Miami and has for several years been used by the plaintiff as a place on which to park automobiles for hire and the revenues arising therefrom over this period have been profitable to the plaintiff. The business created by the plaintiff is well established and it is favorably known to the general public and plaintiff has a large number of customers in and about said business. On October 30, 1937, plaintiff tendered to the agent of the defendant the balance due according to the agreement to lease in the sum of $500.00. On November 4, 1937, the defendant here filed in the County

Judge's Court of Dade County, Florida, an action to evict the plaintiff from the described premises.

The prayer of the bill is (a) an order requiring the defendant and its agent to specifically perform its said lease agreement; (b) entry of a restraining order from bringing any proceeding to remove or evict plaintiff from the premises.

The court below heard testimony in support of the material allegations of the bill of complaint when the parties hereto were represented by counsel and each witness offered fully interrogated. The proposed lease was submitted and the details about the payment of the sum of $500.00 by the plaintiff to the agent of the defendant were duly considered. Counsel announced no further evidence would be offered in connection with the application for the restraining order. It was then ordered by the lower court that the application for the restraining order be denied.

An appeal from said order was perfected and the suit is here for a review of the order of the lower court denying the application for an injunction.

We have considered the evidence submitted before the lower court when an application was made for a restraining order and citation of authorities in support of plaintiff's contention and find there was no error in denying the said application. The recital of the testimony is wholly unnecessary and would serve no useful purpose, but materially increase our labors. The order appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.